# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| MOORISH NATIONAL REPUBLIC FEDERAL GOVERNMENT; and ANTONIO EL, Consulate General,<br><br>Plaintiffs,<br><br>vs.<br><br>US DEPARTMENT OF STATE; STATE OF CALIFORNIA HIGHWAY PATROL; CALIFORNIA HIGHWAY PATROL; J.R. YOUNT, California Highway Patrol 445; and M CORTEZ, Kings County Sheriff's Office,<br><br>Defendants. | 2:19-cv-01389-JAD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1] |

Before the Court are *pro se* plaintiffs the Moorish National Republic Government[1] and Antonio El, the Consulate General on behalf of the MNRG's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2). Plaintiffs' *in forma pauperis* application is denied without prejudice.

//

//

//

//

---

[1] This Court has previously characterized this organization and similar organizations as an imaginary creation. See *Belcher-Bey v. City of Las Vegas*, No. 2:12-cv-01829-JAD-CWH, 2015 U.S. Dist. LEXIS 35918, at *2 n.5 (D. Nev. Mar. 20, 2015), citing to *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 272 (D.N.J. 2011)("[S]uch organizations as the Moorish American Nation and similar imaginary creations…are notorious organization[s] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws."(internal citations omitted)).

**DISCUSSION**

Plaintiffs' filings present two questions: (1) whether they may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether the complaint states a plausible claim for relief.

**I.     Plaintiff MNRG May Not Proceed *In Forma Pauperis***

A natural person may bring a civil action "without prepayment of fees or security therefor" if the person submits a financial affidavit demonstrating that the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Supreme Court has held that the term "person" in the context of 28 U.S.C. § 1915(a) only applies to "natural persons", meaning that only a natural person, not a company, organization, association, or any other artificial entity can, "qualify for treatment *in forma pauperis* pursuant to 28 U.S.C.S. § 1915". *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993). The Rowland Court found that the individual people associated the artificial entity (the Council) could not file suit in the Council's name, and suggested that plaintiffs file suit, "under the title '*X, Y, and Z, known as the Council* v. *Rowland*,' X, Y, and Z would each need to file an affidavit stating that he met the indigency requirements of § 1915." *Id*. at 211.

Plaintiffs' complaint states that the MNRG and Antonio El, the Consulate General, are the plaintiffs in this action. (ECF No. 1-2 at 1). Plaintiffs' application to *proceed in forma pauperis* states that the plaintiff is the MNRG and El appears to have signed the application to proceed *in forma pauperis* on behalf of the MNRG. The sworn application states that the MNRG has no income, assets, or financial information. (ECF No. 1). Only a natural person may qualify to proceed *in forma pauperis*, so MNRG does not qualify to proceed with its complaint without paying filing fees. A natural person will not qualify to proceed *in forma pauperis* if the natural person is attempting to commence an action on behalf of the MNRG. Plaintiffs' application to proceed *in forma pauperis* is denied without prejudice.

**II.     Plaintiffs' Complaint Fails to State a Claim Upon Which the Court May Grant Relief**

Section 1915 also requires that if the Court grant an application to proceed *in forma pauperis*, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Though the Court does not need to screen plaintiffs' complaint at this time, the Court will provide guidance to plaintiffs on the screening that will take place should plaintiff El's application be granted in the future, or if plaintiffs pay the filing fee. If Antonio El files a new *in forma pauperis application* for himself only, then El must file an amended complaint stating that he is the plaintiff, not the MNRG, as outlined by the Rowland Court above. If the MNRG wishes to proceed as the plaintiff, then it must pay the court filing fees.

The allegations in the complaint appear to arise from events that took place in California. Antonio El appears to be a resident of Oakland, California and all the defendants appear to be in California. This makes it doubtful that this Court would have personal jurisdiction over any of the parties or could possibly be considered a proper venue. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017); 28 U.S.C. § 1391(b).

//

//

Based on these issues with the complaint, it is likely that the Court will require Antonio El to amend the complaint when it is screened under 28 U.S.C. § 1915(e)(2)(B). El should consider submitting an amended complaint if he files an *in forma pauperis* application for himself or pays the filing fee.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiffs' application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by October 9, 2019, plaintiffs must either (1) file an application to proceed *in forma pauperis* on behalf of plaintiff El as a natural person or (2) plaintiffs must pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

//

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 9th day of September 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE