1

2

3

4

5

6    MOORISH NATIONAL REPUBLIC FEDERAL
     GOVERNMENT; and ANTONIO EL, Consulate
7    General,

8                              Plaintiffs,

9    vs.

10   US DEPARTMENT OF STATE; STATE OF
     CALIFORNIA HIGHWAY PATROL;
11   CALIFORNIA HIGHWAY PATROL; J.R.
     YOUNT, California Highway Patrol 445; and M
12   CORTEZ, Kings County Sheriff's Office,

13

14                            Defendants.

15

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

2:19-cv-01389-JAD-VCF

**REPORT AND RECOMMENDATION FOR**

**DISMISSAL**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 1] AND COMPLAINT [ECF No. 1-1]

16        On September 9, 2019, the Court denied plaintiffs Moorish National Republic Federal

17   Government ("Moorish Government") and Antonio El's application to proceed *in forma pauperis*

18   ("IFP") without prejudice. (ECF Nos. 1, 2). The Court found that the plaintiffs applied for IFP on behalf

19   of the Moorish Government but not on behalf of any natural person. (ECF No. 2 at 2). Pursuant to  28

20   U.S.C. § 1915(a)(1), only natural persons may bring a civil action *in forma pauperis*. The Court gave

21   plaintiff El until October 9, 2019 to either file an application to proceed IFP on behalf of himself as a

22   natural person or to pay the full fee for filing a civil action. (*Id.* at 4). The Court also notified plaintiffs

23   that" [p]ursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any

24   change of address" and that "**[f]ailure to comply with this rule may result in dismissal of the**

25   **action**.". (*Id.* at 5) (emphasis in original).

On September 17, 2019, the United States Postal Service returned the Court's Order addressed to plaintiffs as 'attempted", but "undeliverable". (ECF No. 3). The USPS again returned the Court's Order addressed to plaintiffs after a second attempt as undeliverable. (ECF No. 4). Plaintiff El did not file a new IFP application.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE and Judgment entered.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 11th day of October 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2